331 F.2d 963
 Margot B. SCHIFF, Individually and as Executrix of the
Estate of Herbert Schiff, deceased, Petitioner,
v.
Honorable Charles M. METZNER, District Judge of the United
States for theSouthern District of New York, Respondent.
 Docket 28846.
 United States Court of Appeals Second Circuit.
 Argued April 30, 1964.
Decided May 18, 1964.
 
 O'Connor & Farber, New York City, for petitioner, Clendon H. Lee, New York City, of counsel.
 Frank H. Gordon, New York City, and Daniel M. Gribbon, Washington D.C., for defendant E.I. du Pont de Nemours & Co.
 George A. Brooks, New York City, for defendant General Motors Corp.
 Before SWAN, SMITH and MARSHALL, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 Almost immediately after the decision in United States v. E.I. du Pont de Nemours & Co., 353 U.S. 586, 77 S.Ct. 872, 1 L.Ed.2d 1057 (June 3, 1957) holding that du Pont's ownership of stock in General Motors Corporation was a violation of Section 7 of the Clayton Act, four derivative actions were brought by shareholders of General Motors to recover on its behalf damages caused it by du Pont's violation of the anti-trust laws.[1] In February 1958, on motion of the defendants, three of the derivative actions (the fourth having been dismissed) were consolidated under the title Rita Gottesman et al. v. General Motors Corporation and E.I. du Pont de Nemours & Co. In the Gottesman case Judge Weinfeld entered an order on July 3, 1958 restraining all stockholders of General Motors from prosecuting any derivative action except Gottesman.[2] On October 6, 1959 the consolidated Gottesman action was assigned to Judge Metzner for all purposes.
 
 
 2
 On February 25, 1963 Margot B. Schiff, Individually and as Executrix of the Estate of Herbert Schiff, deceased, filed a derivative action as owner of General Motors stock. This action was assigned to Judge Metzner on March 6, 1963, the plaintiff consenting thereto. The Schiff action raises substantially the same issues of law and of fact that are presented in the consolidated Gottesman action. In that action Judge Metzner has ruled (opinion reported in D.C., 28 F.R.D. 325) that the earliest date for which damages are recoverable is May 4, 1950. In Schiff plaintiff claims that her holding of General Motors stock can be traced back to prior to November 25, 1936.
 
 
 3
 The order of July 15, 1963 which the petition for mandamus seeks to have vacated provides that the time of the defendants General Motors and du Pont to move or answer with respect to the Schiff complaint 'is extended to and including a day thirty (30) days following termination of the stay provided for in paragraph 9 of the order of' Judge Weinfeld dated July 3, 1958 in the Gottesman case, and that 'the application for modification of the provisions of said paragraph 9' is denied. It is obvious that denial of Schiff's application for modification of the stay ordered by Judge Weinfeld involved the exercise of discretion by Judge Metzner.[3]
 
 
 4
 While the motion for modification was pending, and before its decision, Schiff also moved to consolidate her derivative action with the Gottesman action. This motion was also denied. This, too, involved the exercise of discretion by Judge Metzner.
 
 
 5
 The Supreme Court definitely recognized in Landis v. North American Co., 299 U.S. 248 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 that 'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' See also Mottolese v. Kaufman, 2 Cir., 176 F.2d 301. No type of case is more appropriate for 'economy' than derivative suits by stockholders. Schiff's action is the seventh proceeding in the court below to raise the issues being litigated in the Gottesman case. Her suit was started nearly six years after Gottesman and was stayed for five years by Judge Weinfeld's order without protest by her. Trial preparation of the Gottesman case was well under way long before her action was filed. Both actions have been assigned to Judge Metzner for all purposes.
 
 
 6
 The orders Schiff seeks to have vacated will not deprive her of her day in court. Decision of the common issues in Gottesman will simplify the issues to be tried in the Schiff case and will promote 'economy' of effort for all concerned. Under the circumstances there was no abuse of discretion in denying her motions. Consequently we hold that her application for a writ of mandamus is unjustified and deny it.
 
 
 
 [1]
 For the related anti-trust cases see United States v. E. I. du Pont de Nemours and Company, N.D.Ill., 126 F.Supp. 235, reversed and remanded 353 U.S. 586, 77 S.Ct. 872, 1 L.Ed.2d 1057; for decision on remand see 177 F.Supp. 1, rev'd 366 U.S. 316, 81 S.Ct. 1243, 6 L.Ed.2d 318
 
 
 [2]
 Paragraph 9 of Judge Weinfeld's order reads as follows:
 '9. All stockholders of defendant General Motors Corporation are hereby stayed and enjoined from and after the date of entry of this order from commencing or prosecuting or continuing the prosecution of any action, suit or proceeding in any Federal Court (other than this consolidated action) against either of the defendants in the consolidated action based on any of the transactions complained of or asserting any of the claims alleged in the complaints in the actions hereby consolidated or in the consolidated amended complaint to be served herein, until final determination of the consolidated action; and service of a copy of this order upon attorneys for such stockholders in any action, suit or proceeding other than the consolidated action shall be sufficient notice of the within stay.'
 
 
 [3]
 Without deciding, we assume, as have the defendants, that Judge Metzner was not precluded from vacating Judge Weinfeld's stay, although both were judges of the same district court