Marvin **BARKAL,** individually, and as Class Representative of all individual purchasers of broad spectrum antibiotics, et al., Plaintiffs,

v.

**CHAS. PFIZER & CO.,** Inc., et al., Defendants.

No. 69 Civ. 1867.

United States District Court, S. D. New York.

Feb. 26, 1970.

Louis M. March, Chicago, Ill., for plaintiffs.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Chas. Pfizer & Co., Inc.

Donovan, Leisure, Newton & Irvine, New York City, for defendant American Cyanamid Co.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Bristol-Myers Co.

Cravath, Swaine & Moore, New York City, for defendants Olin Mathieson Chemical Corporation and Squibb Beech-Nut, Inc.

Covington & Burling, Washington, D. C., for defendant The Upjohn Co.

WYATT, District Judge.

This is a motion by plaintiff Barkal, a citizen and resident of Illinois, for an order that this action be maintained as a class action. Fed.R.Civ.P. 23(c) (1).

The action is for violation of the antitrust laws in the sale of broad spectrum antibiotic drugs (antibiotics). Plaintiff sues "as a private customer and purchaser" and also as representative of "all private purchasers of the drugs mentioned herein in the United States".

The present motion seeks an order that plaintiff is the proper class representative "of all of the individual private consumers of broad spectrum antibiotics of the fifty States of the United States * * *".

This is one of some 140 treble damage antitrust actions against the same defendants for substantially the same alleged violations of law. These cases were either commenced in this District or were transferred here under 28 U.S. C. § 1407 "for coordinated or consolidat-

ed pretrial proceedings". They have all been assigned to me.

Among the many cases before me are class actions by States in which the complaints aver the representation of classes covering all individual members of the consuming public in all the States who purchased antibiotics in any State (consumers).

There are actions by 48 States. Delaware has not brought a separate action but is an intervenor in an action brought by the City of Philadelphia in the Eastern District of Pennsylvania (file number 68 Civ. 4298 in this District). Nevada has not brought an action. The class averment in the action of West Virginia, commenced in this Court (68 Civ. 240), is broad enough to include consumers who bought antibiotics in Nevada.

The defendants by a proposal of February 6, 1969 (modified on May 9, 1969) offered to settle all such claims as those of plaintiff and of the class he seeks to represent.

An order was filed May 26, 1969, as part of the procedure for administering the settlement proposal. It was provided, among other things, that any action commenced by any State accepting the settlement proposal was to be maintained as a class action under Fed.R. Civ.P. 23(b) (3) for classes including that of consumers.

It appears that 41 State plaintiffs have accepted the settlement proposal, including Illinois (where plaintiff Barkal lives) and West Virginia for itself and (among others) for the classes of consumers in West Virginia and Nevada. Delaware (as intervenor) and the City of Philadelphia have accepted the settlement proposals.

The notices required by Fed.R.Civ.P. 23(c) (2) have been given to the members of the classes in the 43 accepting States. A hearing has been fixed for March 24, 1970 to determine the fairness of the proposed compromise (Fed. R.Civ.P. 23(e)).

7 State plaintiffs have not accepted the settlement and each such plaintiff has now pending a motion that its action be maintained as a class action, among others, for consumers. There are coordinated pretrial proceedings for these 7 State actions and for the many other actions by plaintiffs who have not accepted (or have not been offered) settlement.

This review of the present situation shows that it would be wholly inappropriate and improper to grant the present motion of plaintiff Barkal.

The State plaintiffs with their Attorneys General and in many cases retained outside counsel—whether settling or not —are far better able to represent their respective consumers than one individual situated in a settling State where a class action determination has been already made.

The motion is in all respects denied. This action is not to be maintained as a class action.

So ordered.