**David BECKER and Margaret B. Ledder, Plaintiffs-Appellants,**

v.

**SCHENLEY INDUSTRIES, INC., Glen Alden Corporation and Rapid-American Corporation, Defendants-Appellees.**

No. 1223, Docket 77–7109.

United States Court of Appeals, Second Circuit.

Argued May 26, 1977.

Decided June 23, 1977.

James S. Gordon, Chicago, Ill. (Martin E. Silfen, New York City, Edward Slovick, Chicago, Ill., on the brief), for plaintiffs-appellants.

Leon Silverman, New York City (Fried, Frank, Harris, Shriver & Jacobson, and Rubin, Baum, Levin, Constant & Friedman, New York City, on the brief), for defendants-appellees.

Before VAN GRAAFEILAND, Circuit Judge, and MEHRTENS * and PIERCE,** District Judges.

MEHRTENS, District Judge:

Plaintiffs appeal, alleging abuse of judicial discretion in the denial of their motion for class action certification. We affirm the decision of the district judge.

The plaintiffs are former minority shareholders of BHM Industries, Inc., and instituted this action under the federal securities laws with respect to a December 1969 merger of BHM and its controlling shareholder, Schenley Industries, Inc., by which plaintiffs' BHM stock was converted into Schenley preferred stock. The defendants are Schenley, its then parent, Glen Alden Corporation, and Glen Alden's then parent, Rapid-American Corporation. The claim was that the merger proxy statement was false and misleading and was utilized by defendants to acquire BHM minority stock at less than its true value.

Prior to the institution of this action, a series of actions had been commenced in the United States District Court for the Southern District of New York and had been consolidated under the title of *Dorothy L. Cole et al. v. Schenley Industries, Inc., et al.* The *Cole* complaint named as defendants, *inter alia*, Schenley, Glen Alden and Rapid. It dealt in large part with a 1971 merger involving Schenley and Glen Alden, but also contained substantial claims relating to the prior 1969 BHM-Schenley merger, including particularly the claim that the 1969 merger proxy statement was false and misleading.

This claim—that the proxy statement failed to disclose "that a ready market existed for the sale of the shares at a price substantially higher than their book value as reflected on the books of Schenley and Buckingham" (BHM)—was virtually identical to the basic claim made in the present case, that the same proxy statement was false and misleading in that it misrepresented the true value of BHM and therefore the value of the stock owned by its minority shareholders.

In May of 1973, the *Cole* case was declared to be a class action on behalf of all persons who held Schenley stock at the time of the announcement of the 1971 merger. This class necessarily included the plaintiffs in this case, who had received Schenley preferred stock in the 1969 merger and retained such stock until the 1971 merger.

The case *sub judice* was initiated in the United States District Court for the Northern District of Illinois in December, 1971, after both the 1969 and 1971 mergers were consummated. On motion of defendants, it was transferred to the United States District Court for the Southern District of New York in part "because there are pending cases [the *Cole* cases] in that district involving similar issues of fact and law . . . ." The record does not reveal any attempt by the plaintiffs to seek mandamus or to obtain a certification under 28 U.S.C. § 1292(b) for purposes of appealing the transfer.

* Honorable William O. Mehrtens, Senior United States District Judge for the Southern District of Florida, sitting by designation.

** Honorable Lawrence W. Pierce, United States District Judge for the Southern District of New York, sitting by designation.

**348**

When, after the transfer, the initial application was made in 1972 to have the action declared a class action, plaintiffs were advised that the same claims about the 1969 proxy statement were being made in the *Cole* case. In 1974, when the plaintiffs renewed their class action application—after the *Cole* case had been designated as a class action—the court suggested that they intervene in *Cole*. The plaintiffs declined to do so.

In October, 1975, plaintiffs' renewed class action application was denied (20 F.R. Serv.2d 1225 [S.D.N.Y.1975]), the court finding that "paragraphs 22(b) and 32(b) of the amended complaint in *Cole* make clear that, as here, the BHM-Schenley merger and proxy statement are in issue in *Cole*." Thus, she held that "Since class action status has already been granted in *Cole* (60 F.R.D. 81 [S.D.N.Y.]), the court concludes that the maintenance of the instant case as a class action would be duplicative and inconsistent with the objectives of Fed.R. Civ.P. 23(b)(3)."

The court noted further that under Rule 23(b)(3), a class action can be maintained only "when the court is satisfied that 'a class action is superior to other available methods for the fair and efficient adjudication of the controversy'", and that the Rule specifically enumerated, as one of the factors to be considered in this regard, "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." The court, considering this factor, concluded that "a class action would not be the superior method of resolving the instant case."

Despite an explicit invitation by the court, plaintiffs again declined to seek intervention in *Cole*, and that case proceeded to trial without them in October, 1975. After a two-week trial, a decision in favor of the defendants was rendered in the *Cole* case in November 1976. In that decision, Count I of the *Cole* complaint, which included the aforementioned claims relating to the 1969 merger and proxy statement, was "dismissed for failure of proof."

In January 1977, the defendants here were granted summary judgment after having tendered to plaintiffs their claimed damages.

■ The district court did not abuse its discretion in denying class action designation. Plaintiffs had another, more readily available means by which to have their claims determined—through intervention in the *Cole* case. The district court's determination not to permit duplicative class actions, to avoid undue burdens on the parties and on judicial resources, and to eliminate the possibility of inconsistent results, cannot be overturned.

■ The determination of whether an action can be maintained as a class action, and particularly whether a class action is the "superior" method of resolving the controversy, is one which is peculiarly within the discretion of the trial judge. *Hornreich v. Plant Industries, Inc.*, 535 F.2d 550, 552 (9th Cir. 1976); *City of New York v. International Pipe & Ceramics Corp.*, 410 F.2d 295 (2nd Cir. 1969).

■ The trial court's discretion has continually been upheld where, as here, it has been exercised so as to avoid duplicative class actions, or where the plaintiff has other, less burdensome methods available by which to resolve the controversy. *See Davis v. Board of School Commissioners*, 517 F.2d 1044 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975). *See also Williams v. Wallace Silversmiths, Inc.*, slip op. 2181 (2nd Cir. March 4, 1977); *Schiff v. Metzner*, 331 F.2d 963 (2nd Cir.), *cert. denied*, 379 U.S. 881, 85 S.Ct. 150, 13 L.Ed.2d 88 (1964).

The validity of the 1969 proxy statement was squarely raised by the *Cole* complaint. While the prime focus of the *Cole* case was the 1971 merger, the pretrial order in that case included substantial material with respect to the 1969 transaction and the issues involved in the present case. Moreover, at the trial itself, a number of exhibits and substantial testimony were introduced with respect to the 1969 transaction. If, in the

plaintiffs' view, the claims relating to the 1969 merger were not adequately presented or sufficiently pressed in that action, it is they who are to blame. It was continually suggested to them that they intervene in the *Cole* case so that all the issues with respect to the 1969 merger and proxy statement could be litigated in the same action.

Finding the other contentions to be without merit, we hold that the district court was correct in refusing to permit duplicative class actions, and in requiring the issues raised with respect to the 1969 merger and proxy statement to be litigated in the same action.

Affirmed.