[No. H000729. Sixth Dist. Aug. 1, 1986.]

WILLIAM H. SCHNEIDER et al., Plaintiffs and Appellants, v.
JOHN VENNARD et al., Defendants and Respondents.

1342

**COUNSEL**

Milberg, Weiss, Bershad, Specthrie & Lerach, William S. Lerach, John E. Grasberger, Steven W. Pepich, Kohn, Savett, Marion & Graf, Stuart H. Savett, Berger & Montague, Sherrie R. Savett, Jeanne A. Markey, Steven D. Ramos, Barrack, Rodos & Bacine, Leonard Barrack, Cotchett & Illston, Joseph W. Cotchett and Susan Illston for Plaintiffs and Appellants.

Heller, Ehrman, White & McAuliffe, M. Laurence Popofsky, Douglas M. Schwab, Paul W. Sugarman, Jonathan P. Hayden, Christopher M. Patti,

Meryl Macklin, Carol P. Laplant, Pettit & Martin, Michael F. Perlis and Pamela J. Roberts for Defendants and Respondents.

## Opinion

AGLIANO, P. J.—Plaintiffs appeal from an order of the Santa Clara Superior Court denying certification of this action as a class action. We hold that although the facts satisfy the requirements for class certification under Civil Code section 1781, subdivision (b), the trial court properly denied class certification on the basis of an already pending federal class action between the parties for the same cause.

Plaintiffs William Schneider, Charles Cohn, Jeanne Cohn, and Estelle Ellis, the owners of shares of common stock of Apple Computer, Inc., brought this action on their own behalf and as a class action. Defendants are Apple Computer, Inc. (Apple) and 13 individuals,[1] all of whom are present or former shareholders or members of the board of directors of Apple. Plaintiffs seek damages and other relief for losses allegedly caused by defendants' false and misleading statements.

On February 28, 1984, and March 7, 1984, plaintiffs initiated in Santa Clara Superior Court the instant two substantially identical, shareholder actions (Schneider v. Vennard, No. 543437, and Ellis v. Vennard, No. 544063). While the cases were not formally consolidated, the trial court considered them together in its memorandum of decision.

The complaints set forth eight causes of action, including violation of section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)), fraud, negligent misrepresentation, and various violations of the Corporations Code. Plaintiffs allege that beginning on November 12, 1982, defendants misled the investing public by issuing a series of false statements about Apple and its Lisa computer and by failing to disclose material information about the company and its products; that defendants then allegedly took advantage of their inside information by selling shares of Apple stock at artificially inflated prices; that when the true state of affairs became public on September 23, 1983, the price of Apple stock dropped, and the shareholders suffered damage. Plaintiffs estimate there are over 3,000 members of the class.

---

[1] The individual defendants are John Vennard, Delbert Yocam, Michael Muller, Wilfrid Houde, John Couch, Gene Carter, Kenneth Zerbe, Steven Jobs, A. C. Markkula, Jr., Henry Singleton, Philip Schlein, Arthur Rock and Peter Crisp.

On March 2, 1984, and March 7, 1984, two actions involving the same parties and the same facts, but differing in the causes of action alleged were filed in federal court. The federal cases were subsequently consolidated. The federal action alleges violations of section 10(b) (15 U.S.C. § 78j(b)) and section 20(a) (15 U.S.C. § 78t(a)) of the Securities Exchange Act of 1934 and Securities and Exchange Commission rule 10b-5 (17 C.F.R. § 240.10b-5).

On March 29, 1984, defendants removed the state actions to federal court, claiming plaintiffs were obligated to bring their entire controversy before one court, and that because plaintiffs had invoked the jurisdiction of the federal courts, removal of the state actions was proper. On November 5, 1984, however, plaintiffs moved to remand the state actions to state court, arguing that because the state actions included claims under section 17(a) of the Securities Act of 1933 which were nonremovable by statute, defendants could not remove. Plaintiffs' motion for remand was subsequently granted.

On December 21, 1984, defendants moved in the state actions for an order striking the class allegations from the complaints on the ground plaintiffs could not demonstrate that a class action in state court was superior to other methods of proceeding. Plaintiffs then moved for class certification in both the federal and state actions. Relying on concerns for judicial efficiency and flexibility in dealing with class actions, the court declined to certify the state actions as class actions. The trial court's decision was expressly conditioned upon defendants' withdrawal of their opposition to a class action in federal court. Thereafter, the federal action was certified as a class action.

Plaintiffs contend the trial court erroneously considered the requirements of rule 23 of the Federal Rules of Civil Procedure in determining whether to certify the instant action as a class action. They maintain the Consumers Legal Remedies Act (Act) (Civ. Code, § 1750 et seq.), including Civil Code section 1781, provides the exclusive procedural requirements for class certification.

In the case before us, the trial court found the allegations of the complaint met the requirements of section 1781, subdivision (b). Section 1781, subdivision (b), states: "The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist: [¶] (1) It is impracticable to bring all members of the class before the court. [¶] (2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members. [¶] (3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class. [¶] (4) The

representative plaintiffs will fairly and adequately protect the interests of the class."

Class certification was denied, however, on the basis of Federal Rules of Civil Procedure, rule 23(b)(3). The rule provides in pertinent part that the trial court must find "a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: . . . (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; . . ."

█ The decision whether to certify a class is within the discretion of the trial court. (*Richmond* v. *Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 [174 Cal.Rptr. 515, 629 P.2d 23]; *Occidental Land, Inc.* v. *Superior Court* (1976) 18 Cal.3d 355, 361 [134 Cal.Rptr. 388, 556 P.2d 750].) A trial court ruling on class certification which is supported by substantial evidence will not be reversed unless the trial court used improper criteria or indulged in erroneous legal assumptions. (*Richmond, supra,* 29 Cal.3d at p. 470.)

Class actions, other than consumer actions, are authorized by Code of Civil Procedure section 382 which provides in relevant part: "[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." █ In interpreting this section, courts have established two prerequisites to the certification of a class action: there must be "an ascertainable class" as well as "a well-defined community of interest in the questions of law and fact involved" affecting the parties to be represented. (*Occidental Land, Inc.* v. *Superior Court, supra,* 18 Cal.3d 355, 360; *Daar* v. *Yellow Cab* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732].)

However, section 382 is general in nature and does not provide a procedural framework for certifying a class action. Thus, courts have turned to both Civil Code section 1781 relating to consumer class actions and the Federal Rules of Civil Procedure for guidance. Accordingly, we examine those decisions applying section 1781 and rule 23.

In *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513], our Supreme Court held a group of consumers could maintain a class action for fraudulent misrepresentation against both a seller of a product and a finance company. The court acknowledged the recent enactment of section 1781, but found it did not apply retroactively to the case then before it. Nevertheless, the court suggested the trial court

utilize the procedural provisions of the Act upon remand. "The technique described in the act may not adequately encompass all the procedural problems facing a court in the trial of a class action. In the event of a hiatus, rule 23 of the Federal Rules of Civil Procedure prescribes procedural devices which a trial court may find useful. . . . we must rely upon the ability of trial courts to adopt innovative procedures which will be fair to the litigants and expedient in serving the judicial process." (*Id.*, at p. 821.)

In *Civil Service Employees Ins. Co.* v. *Superior Court* (1978) 22 Cal.3d 362 [149 Cal.Rptr. 360, 584 P.2d 497], the plaintiffs brought a class action against an insurance company to recover damages which allegedly resulted from the insurance company's refusal to pay benefits. One of the issues raised by the defendant was whether the trial court was authorized to order the defendant to bear the cost of notifying absent class members of the action. In resolving the issue, our Supreme Court turned to section 1781, subdivision (d), authorizing the trial court to "direct either party to notify each member of the class of the action." While the court recognized that section 1781 was not directly applicable because insurance was neither a good nor a service as defined by the Act, it stated the procedures outlined therein should be followed by trial courts in all class actions. In *Richmond* v. *Dart, supra,* 29 Cal.3d 462, 469-470, at footnote 7, our Supreme Court reiterated that even where section 1781 does not directly apply because a plaintiff does not come within the definition of a consumer, a court may turn to both section 1781 and rule 23 for guidance.

In *Hoyga* v. *Superior Court* (1977) 75 Cal.App.3d 122 [142 Cal.Rptr. 325], the court held section 1781, subdivision (b), establishes the exclusive criteria for class certification in suits brought under the Act. However, the court also acknowledged other factors relied upon by the trial court were relevant to class certification where the suit was brought under Code of Civil Procedure section 382. It further stated the Act was not to affect those authorities interpreting section 382. (*Id.*, at p. 135.)

Two cases have considered the applicability of rule 23(b)(3). *Rosack* v. *Volvo of America Corp.* (1982) 131 Cal.App.3d 741 [182 Cal.Rptr. 800], involved the denial of a motion for class certification in an antitrust suit against a car manufacturer and its distributors. An issue raised was whether a class action was superior to other methods of proceeding. In resolving the issue, the court considered the difficulties inherent in the management of a class action and concluded nevertheless certification should have been granted. (*Id.*, at pp. 760-763.) *Lazar* v. *Hertz Corp.* (1983) 143 Cal.App.3d 128, 144 [191 Cal.Rptr. 849], was an action for alleged overcharges for gas upon the return of rented cars. There the court also discussed the superiority requirement of rule 23. The defendant pointed out that injured

parties could make claims against a fund which the defendant had deposited with the Department of Energy. The court, however, rejected this alternative because such a fund was not a substitute for a class action and the alleged overcharges were significantly higher than the funds on deposit.

■ We also observe the superiority criterion is manifest in the determination that a class action brought under Code of Civil Procedure section 382 would produce "substantial benefits" to the litigants and the judicial system. (See *Blue Chip Stamps* v. *Superior Court* (1976) 18 Cal.3d 381, 385 [134 Cal.Rptr. 393, 556 P.2d 755]; *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 459 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800, 809; *Daar* v. *Yellow Cab. Co., supra,* 67 Cal.2d 695, 709.)

■ In summary, while class actions brought under section 382 are not governed exclusively by the procedures outlined in section 1781, these procedures may provide guidance in such actions. And, where there is no relevant California authority courts will look to rule 23 for assistance in resolving procedural issues.

■ One of the factors to be considered in determining whether a class action is superior to other available methods is the extent and nature of other litigation already commenced by members of the class. (Rule 23(b)(3)(B).) Courts have cited this factor in denying class certification where a class action was pending in another jurisdiction. (See *Becker* v. *Schenley Industries, Inc.* (2d Cir. 1977) 557 F.2d 346; *Mitchell* v. *Texas Gulf Sulphur Company* (10th Cir. 1971) 446 F.2d 90, 107 [29 A.L.R.Fed. 620], cert. den. 404 U.S. 1004 [30 L.Ed.2d 558, 92 S.Ct. 564]; *Barkal* v. *Chas. Pfizer & Co.* (S.D.N.Y. 1970) 51 F.R.D. 504.) ■ Further, superiority determinations must also consider several different interests. "'Superiority must be looked at from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant. The listing is not necessarily in order of importance of the respective interests. Superiority must also be looked at from the point of view of the issues.'" (*Kamm* v. *California City Development Company* (9th Cir. 1975) 509 F.2d 205, 212.)

■ Here a federal action is pending based upon the same set of facts and involving the same parties. While the federal action had not yet been certified as a class action, the trial court expressly conditioned its order upon defendants' withdrawal of their opposition to class certification in federal court. Further, the trial court noted plaintiffs' concession they could bring each cause of action alleged in the state lawsuit as a pendent claim

in the federal action. Plaintiffs could obtain complete relief in either forum. Thus, the entire controversy can be resolved in a class action in federal court.

Additional factors support the trial court's determination the federal action is the superior method of proceeding. It is undoubtedly preferable from the point of view of the judicial system to resolve the instant dispute by one class action rather than by duplicate class actions in two jurisdictions. If two class actions were allowed to proceed simultaneously, the already overtaxed resources of two courts will have been devoted to the resolution of a single dispute. Judicial economy and efficiency would not be served by allowing both actions to proceed as class actions.

We next consider the superiority requirement from the plaintiffs' and the potential class members' perspective. Plaintiffs contend the trial court's decision will spur numerous individual actions in state court in lieu of the "superior" class action proceeding. This contention has at least superficial appeal. We do not dispute that plaintiffs have a right to maintain individual lawsuits in the state court. We do not assume, however, that plaintiffs will engage in more litigation than necessary to vindicate their rights. The pending federal class action provides plaintiffs with all the remedies available in state court. Under these circumstances another class action in the state court cannot be said to be "superior to other available methods for the fair and efficient adjudication of the controversy." (Fed. Rules Civ. Proc., rule 23.) Plaintiffs have a choice of forum for their class action. They could have sued in state court without the 10b-5 claim or in federal court on all claims.

If plaintiffs were to maintain the class action in state court, they would be required to abandon their 10(b)-5 claim which lies only in federal court. However, the 10(b)-5 counterpart, a common law fraud claim, could be litigated in state court. While an extensive body of federal case law has evolved around the 10(b)-5 claim, there would be no prejudice to plaintiffs. In fact, plaintiffs have focused on certain advantages to pursuing their class action in state court. The substantive requirements of some of their state law causes of action are less burdensome than those for a 10(b)-5 claim. ██ For example, plaintiffs must establish "scienter" under a 10(b)-5 claim (*Ernst & Ernst* v. *Hochfelder* (1976) 425 U.S. 185 [47 L.Ed.2d 668, 96 S.Ct. 1375]), while a cause of action for negligent misrepresentation requires only a showing of negligence. (*Bowden* v. *Robinson* (1977) 67 Cal.App.3d 705 [136 Cal.Rptr. 871].) ██ Punitive damages are available on some of their state law claims, while such damages are not recoverable under a 10(b)-5 claim. (Cf. Civ. Code § 3294 and *Ryan* v. *Foster & Marshall, Inc.*

(9th Cir. 1977) 556 F.2d 460, 464.) ■ Defendants point out that given such advantages, there is no necessity for two class actions.

Another option for plaintiffs' class is a single class action in federal court on any claim. Plaintiffs argue, however, it is uncertain whether the federal court would exercise pendent jurisdiction over the state law causes of action. ■ Plaintiffs correctly point out that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." (*Mine Workers* v. *Gibbs* (1966) 383 U.S. 715, 726 [16 L.Ed.2d 218, 228, 86 S.Ct. 1130].) ■ However, in the Northern District of California securities actions are routinely filed with pendent state claims which are then certified as class actions. (See e.g., *In re Activision Securities Litigation* (N.D.Cal. 1985) 621 F.Supp. 415, 421; *Weinberger* v. *Jackson* (N.D.Cal. 1984) 102 F.R.D. 839; *In re Victor Tech. Securities Litigation* (N.D.Cal. 1984) 102 F.R.D. 53.) Moreover, nothing indicates the federal court would decline jurisdiction in this instance, particularly where all parties sought one forum for the adjudication of all claims. The federal court would apply state law to the state claims and is experienced in deciding pendent claims in securities cases. (See e.g., *Weinberger* v. *Jackson, supra; In re Victor Technologies Litigation, supra.*) The trial court's memorandum of decision contemplated plaintiffs' filing their state law causes of action as pendent claims and the federal court's exercise of jurisdiction over such claims. That plaintiffs have apparently failed to file their claims cannot now be used as a means of avoiding a superior method of resolving the dispute.

Plaintiffs further maintain class certification of pendent claims may be denied while certification of federal claims is allowed. They rely upon *McFarland* v. *Memorex Corp.* (N.D.Cal. 1982) 96 F.R.D. 357, 364. However, as the court pointed out in *In re Victor Technologies Litigation, supra,* 102 F.R.D. 53, 59, that approach is in the minority. Moreover, the court which decided *Memorex* later changed its position about the suitability of class certification for California state law claims. (See *Weinberger* v. *Jackson, supra,* 102 F.R.D. 839.) As already noted, pendent claims are routinely certified as class actions in the Northern District.

Plaintiffs also contend that by proceeding solely in federal court they lose the benefit of California's nine-to-three verdict rule in contrast to the unanimous verdict required in federal court. This objection does not outweigh the unwarranted extravagance of simultaneous class actions. Further, plaintiffs could have opted for a state class action in lieu of the federal.

Certification of a second class action might even be detrimental to plaintiffs and the class members. Additional litigation would require greater attorneys' resources and possibly higher attorney's fees, thus reducing the amount of

recovery. Two class actions would require two sets of notices which would have the potential for confusing class members.

Plaintiffs have cited no reason justifying simultaneous class actions from their attorneys' point of view. In fact, plaintiffs' attorneys have filed several class actions in federal court alleging pendent state claims in addition to federal securities claims.

Moreover, duplicative litigation of the same issue does not serve the public interest. As already noted, plaintiffs would receive a fair adjudication of their claims and adequate relief in either jurisdiction. To allow them to pursue both class actions would increase the burdens on two already overburdened courts.

In discussing the effects of the trial court's decision on the public interest, plaintiffs allude to a recent increase in the number of public offerings and the inadequacy of the Securities Exchange Commission to enforce the law. First, the record does not reflect whether this information was presented to the trial court. However, multiple class actions present no rational solution to the claimed problem where there exists an adequate viable procedure to protect the parties' rights.

Needless to say, defendants have expressed a strong preference to litigate the entire controversy in one forum.

Thus, the trial court's refusal to certify the instant action as a class action prevented duplicative class actions, eliminated inconsistent results and avoided undue burdens on the parties and the judiciary. We find no abuse of discretion.

The order is affirmed.

Brauer, J., and Phillips, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied November 26, 1986. Bird, C. J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.